IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOLETTE C. RUSSELL,               )
                                  )
               Plaintiff,         )
                                  )
        v.                        )  Civil Action No. 10-761
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
               Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of September, 2011, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying
plaintiff's application for supplemental security income under
Title XVI of the Social Security Act ("Act"), IT IS ORDERED that
plaintiff's motion for summary judgment (Document No. 7) be, and
the same hereby is, granted and the Commissioner's motion for
summary judgment (Document No. 10) be, and the same hereby is,
denied. The Commissioner's decision of September 10, 2008, will
be reversed and this case will be remanded to the Commissioner for
further proceedings consistent with this opinion pursuant to
sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not
"disabled" within the meaning of the Act, the findings leading to
such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her pending application for supplemental security income on August 9, 2006, with a disability onset date of June 30, 2005, due to depression, hepatitis B, hepatitis C and hypertension. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on May 19, 2008, at which plaintiff voluntarily waived her right to representation and appeared and testified *pro se.* On September 10, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On April 16, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations.   20 C.F.R. §416.963(d).[1]   She has a high school education and has past relevant work experience as a phlebotomist and a housekeeper, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing plaintiff's testimony, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.   The ALJ found although the medical evidence establishes that plaintiff suffers from the severe impairments of depression, obesity, hepatitis B, hepatitis C and hypertension, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 to 20 C.F.R., Part 404, Subpart P.

The ALJ also found that although plaintiff is unable to perform any of her past relevant work she nevertheless retains the "residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 416.967(b)."   Based on plaintiff's residual functional capacity, age, education and work experience, the ALJ applied Medical-Vocational Rules 202.20 and 202.13 of Appendix 2 of 20 C.F.R., Part 404, Subpart P, to direct a finding of not disabled.

---

[1]   Plaintiff was 48 years old on her alleged onset date and 49 years old on the date her application was filed making her a younger individual under the regulations at those times.   20 C.F.R. §416.963(c).

AO 72
(Rev. 8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises but a single challenge to the ALJ's finding of not disabled, specifically, that the ALJ's residual

---

[2]    The ALJ must determine in sequence:   (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;   (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity.    20 C.F.R. §416.920.    In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

functional capacity finding failed to take into account any limitations arising from her severe impairment of depression.

Upon review, the court does not believe that the ALJ's residual functional capacity finding that plaintiff can perform the "full range of light work" adequately accounts for the ALJ's finding at step 3 that plaintiff has "moderate difficulty maintaining concentration, persistence or pace." (R. 15). Moreover, plaintiff's "moderate difficulty maintaining concentration, persistence or pace" constitutes a non-exertional limitation which precludes the use of the Grids to dictate a finding of not disabled and requires advisory testimony from a vocational expert, or similar evidence, to aid in the determination of whether other jobs exist which plaintiff can perform. Accordingly, this case must be remanded to the Commissioner for further proceedings.

At step five of the sequential evaluation process, the burden shifts to the Commissioner to show that other jobs exist in significant numbers in the national economy that the claimant can perform consistent with her medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §416.920(f); Johnson v. Commissioner of Social Security, 529 F.3d 198, 205 (3d. Cir. 2008). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001).

In assessing a claimant's residual functional capacity, the

ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.   20 C.F.R. §416.945(a).   In doing so, the ALJ must consider all relevant evidence, including medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others and observations of the claimant's limitations by others. Fargnoli, 247 F.3d at 41; see also SSR 96-8p.

Here, the ALJ concluded that plaintiff retains the "residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 416.967(b)."   The referenced regulation defines "light work" as work which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" or a job that "requires a good deal of walking or standing, or ... involves sitting most of the time with some pushing and pulling of arm or leg controls."   20 C.F.R. 416.967(b).

Plaintiff argues that the ALJ's residual functional capacity finding is flawed because it fails to account for his step 2 finding that plaintiff's depression is a severe impairment.   The Commissioner counters by asserting that the ALJ adequately accommodated any limitations arising from plaintiff's severe mental impairment by limiting her to unskilled work.   What neither party addresses, however, is the ALJ's *step 3* finding that plaintiff has "moderate difficulty maintaining concentration, persistence or pace."

A "moderate difficulty maintianing concentration, persistence or pace" very well may impact upon plaintiff's ability to "perform the <u>full range</u> of light work as defined in 20 C.F.R. 416.967(b)" as found by the ALJ in his residual functional capacity finding. 20 C.F.R. §416.967(b) defines "light work" <u>purely</u> in exertional terms related to a claimant's ability to meet the <u>strength</u> demands for sitting, standing, walking, lifting, carrying, pushing and pulling. <u>See</u> 20 C.F.R. §416.969(a).

Non-exertional limitations, however, are those that affect a claimant's ability to meet job demands <u>other</u> than strength demands.   20 C.F.R. §416.969a(a).   Examples of non-exertional limitations include, *inter alia*, difficulty functioning because of nervousness, anxiety or depression, <u>difficulty in maintaining attention or concentration</u> and difficulty in understanding or remembering detailed instructions. 20 C.F.R. §416.969a(b).  Here, the ALJ expressly found at step 3 that plaintiff has a non-exertional limitation, *i.e.*, a "moderate difficulty maintaining concentration, persistence or pace."   Yet, the ALJ's residual functional capacity finding fails to take this non-exertional limitation into account, necessitating a remand.

Having found that the ALJ's residual functional capacity finding failed to account for a specific non-exertional limitation supported by the record, this court must also conclude that the ALJ clearly erred in applying the Medical-Vocational guidelines ("the Grids") to dictate a finding of not disabled at step 5 of the sequential evaluation process.

The Grids set out various combinations of age, education, work experience and residual functional capacity, and direct a finding of disabled or nor disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §416.969; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

However, Appendix 2 explicitly states that "the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs ...." Appendix 2, §200.00(e). Thus, "where an individual has an impairment or combination of impairments resulting in both strength limitations and non-exertional limitations ... the rule(s) reflecting the individual's maximum residual strength capabilities, age, education and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs which would be contraindicated by the non-exertional limitations." Appendix 2, §200.00(e)(2) (emphasis added).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform the strength demands of jobs at the light exertional level. However, the ALJ also found at step 3 that plaintiff has a "moderate difficulty maintaining concentration, persistence or pace." Because plaintiff has a non-exertional limitation which possibly could further diminish her

ability to perform the mental demands of jobs at the light exertional level, the Grids cannot be used on remand to direct a finding of disabled or not disabled.

The Commissioner argues that the ALJ adequately accounted for any non-exertional limitations arising from plaintiff's depression simply by limiting her to unskilled work[3] and that the ALJ therefore properly used the Grids to direct a finding of not disabled because the Grids take "administrative notice ... of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels." See e.g. Davis v. Astrue, 2009 WL 3241853 (W.D. Pa., Oct. 5, 2009)(limiting plaintiff to unskilled work "fits the precise requirements of the Grids"). The court respectfully disagrees.

Initially, the Commissioner's argument fails to consider that the ALJ found at step 3 that plaintiff has a specific non-exertional limitation which he did not account for in the residual functional capacity finding. As already noted, the regulations explicitly provide that "the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs [and] they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g.,

---

[3] "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time ... a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. §416.968(a).

certain <u>mental</u>, sensory or skin impairments." Appendix 2, §200.00(e) (emphasis added).

Here, the ALJ found that plaintiff has a non-exertional limitation, *i.e.*, a "moderate difficulty maintaining concentration, persistence or pace," and the Grids therefore cannot be used to direct a finding of not disabled but must be used as a framework in considering how plaintiff's ability to perform light work might be diminished by her non-exertional limitation.

Secondly, the Court of Appeals for the Third Circuit has addressed on several occasions issues relating to the adequacy of a residual functional capacity finding where the record contained evidence that the claimant had "moderate difficulty maintaining concentration, persistence or pace," and in these instances the appellate court approved a residual functional capacity finding accommodating that difficulty with a restriction limiting the claimant to "simple, routine tasks." <u>See, e.g.</u>, <u>Menkes v. Astrue</u>, 262 Fed. Appx. 410, 412-13 (3d Cir. 2008) (ALJ accounted for moderate limitations in concentration, persistence or pace in hypothetical by restricting claimant to "simple, routine tasks"); <u>McDonald v. Astrue</u>, 293 Fed. Appx. 941, 946-47 (3d. Cir. 2008)(same). The ALJ included no such restriction in his residual functional capacity finding in this case.

Significantly, in neither of the above-cited cases were the Grids used to direct a finding of not disabled. Rather, the testimony of a vocational expert was sought to aid the ALJ in

determining whether jobs existed in the national economy that the claimants could perform with this sort of non-exertional limitation. See Menkes, 262 Fed. Appx. at 412-13 (ALJ expressly inquired of the vocational expert whether a limitation to simple routine tasks would have "any effect on the unskilled occupational base"); McDonald, 293 Fed. Appx. at 946-47 (hypothetical restricting claimant to "simple, routine tasks" adequately accounted for plaintiff's moderate difficulty in concentration, persistence and pace and vocational expert's response provided substantial evidence for the ALJ's conclusion).

Moreover, even in several cases in which courts have held that "simple routine tasks" equates to "unskilled work," a limitation to "unskilled work" expressly was incorporated into the residual functional capacity finding and was presented in a hypothetical to the vocational expert before a determination was made that jobs existed in the national economy which the claimant could perform. See Douglas v. Astrue, 2011 WL 482501 (E.D. Pa., Feb. 4, 2011)(ALJ's hypothetical to vocational expert limiting claimant to unskilled work adequately accounted for moderate limitations in concentration, persistence or pace); Bovell v. Barnhart, 2006 WL 1620178 (E.D. Pa., June 9, 2006) (residual functional capacity for unskilled light work presented to vocational expert).

Finally, the Third Circuit has held that "in the absence of a rulemaking establishing the fact of an undiminished occupational base, the Commissioner cannot determine that a claimant's non-

AO 72
(Rev. 8/82)

exertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion)." Sykes, 228 F.3d at 261.[4] The ALJ did neither here. Instead, he simply stated that plaintiff's mental limitations "do not preclude a significant number of unskilled jobs" and he did so without the benefit of any vocational evidence or even by referring to any specific rule or regulation so holding, and plaintiff had "no opportunity to counter the conclusion."[5]

---

[4]   The Commissioner subsequently issued an acquiescence ruling explaining that before denying disability benefits at step 5 when a claimant has non-exertional impairments the Commissioner must: (1) take or produce vocational evidence such as from a vocational expert, the DOT or other similar evidence (such as a learned treatise); or (2) provide notice that the Commissioner intends to take administrative notice of the fact that a particular non-exertional limitation does not significantly erode the occupational job base and allow the claimant the opportunity to respond.   AR 01-1(3); 2001 WL 65745.   While AR 01-1(3) states it does not apply where the Commissioner relies on a social security ruling that includes a statement explaining how the particular non-exertional limitation under consideration affects a claimant's occupational job base, the ALJ did not rely on any such social security ruling here.

[5]   In this regard, the court also notes that plaintiff was unrepresented at the hearing before the ALJ.   It has long been established that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented.   Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."   Sims v. Apfel, 530 U.S. 103 (2000).   Accordingly, the ALJ should have been

AO 72
(Rev. 8/82)

On remand, the ALJ must reassess plaintiff's residual functional capacity finding to account for plaintiff's "moderate difficulty maintaining concentration, persistence or pace." He must also reconsider his finding of not disabled at step 5 and, in doing so, should seek the advice of a vocational expert, or similar evidence, to aid in the determination of whether jobs exist in the national economy which someone of plaintiff's age, education, work background and residual functional capacity, properly assessed, can perform.   AR 01-1(3); <u>Sykes</u>, 228 F.3d 259 at 273.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Gustave Diamond
United States District Judge

cc:   Kelie C. Schneider, Esq.
      Robert Peirce & Associates, P.C.
      2500 Gulf Tower
      707 Grant Street
      Pittsburgh, PA 15219

      Lee Karl
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

---

even more hesitant to use the Grids to direct a finding of not disabled without the benefit of vocational evidence.